**Amir ALI, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60887.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 7, 2006.

Amir Ali, El Paso, TX, for Petitioner.

Thomas Ward Hussey, Director, Linda Susan Wendtland, U.S. Department of Justice Office of Immigration Litigation, John S. Hogan, U.S. Department of Justice Civil Division Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Caryl G. Thompson, Washington, DC, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, Luis Garcia, U.S. Immigration & Naturalization Service District Director's Office, El Paso, TX, for Respondent.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Amir Ali petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen immigration proceedings. Ali contends that the BIA abused its discretion in denying his motion to reopen, which raised the claim that

counsel was ineffective for failing to request voluntary departure on his behalf. Ali has abandoned the remaining ineffective-assistance claims raised in his motion to reopen by failing to argue them in his petition for review. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993); *Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir.2003).

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir.2005). Our review of constitutional challenges is de novo. *Altamirano–Lopez v. Gonzales,* 435 F.3d 547, 549 (5th Cir.2006). Likewise, we review de novo the BIA's legal conclusions. *Singh v. Gonzales,* 436 F.3d 484, 487 (5th Cir.2006).

" '[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.' " *Assaad v. Ashcroft,* 378 F.3d 471, 475 (5th Cir.2004) (citations omitted). A request for voluntary departure is a request for discretionary relief. *Eyoum v. INS,* 125 F.3d 889, 891 (5th Cir.1997). Even if Ali had a constitutional right to effective assistance of counsel during the immigration proceedings, he had no due process right to effective assistance of counsel in pursuit of discretionary relief. *Gutierrez–Morales v. Homan,* 461 F.3d 605, 609 (5th Cir.2006); *Mireles–Valdez v. Ashcroft,* 349 F.3d 213, 219 (5th Cir.2003). Ali's argument that his case is distinguishable from *Assaad* because he "was unable to even request the relief" is unavailing. *Cf. Gutierrez–Morales,* 461 F.3d at 609–10 (holding that alien has no due process right to effective assistance of counsel in seeking to present waiver application—

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purely discretionary relief—to the Immigration Judge or the BIA on its merits).

The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.